Chief Judge Desmond (dissenting).
I vote to affirm. Plaintiff has at best set up an issue of fact which has been decided against him by both courts below. It was his burden to prove a mutual mistake — that is, that the agreement in the letter of commitment and in the bond that there would be no deficiency judgment against him did not express the actual mutual agreement that he would not be liable on the bond at all. Thus we have the plain language of two carefully drawn documents and opposed to this nothing more than the cryptic words “no liability ” written by a bank clerk and approved by a bank officer. Plaintiff and his attorney both read the commitment letter and neither objected to its language. Plaintiff was an experienced real estate operator. Surely the courts below were entitled to say that this record lacks clear convincing proof of a mutual mistake. Actually, all plaintiff is relying on is an impression that he says he got from his own broker, an impression which is directly contrary to the unambiguous terms of the documents.
Furthermore, I have seen no answer to the suggestion by the bank’s counsel that the' agreement asserted by plaintiff would be illegal. As counsel points out, subdivision 6 of section 235 of the Banking Law permits a savings bank to invest in “ Bonds *796 and mortgages and notes and mortgages on improved and unencumbered real property * * * in this state An agreement by a savings bank to take a bond and mortgage but to release the borrower in advance from any liability on the bond would clearly be a violation of this statute. How, therefore, can it be held as matter of law that the bank intended such an illegal agreement, and how can we enforce it?
Order reversed, etc.